Curtis JOHNSON, Defendant-Petitioner,

v.

UNITED STATES of America, Respondent.

In re UNITED STATES of America

v.

Curtis Theodore JOHNSON.

No. Cr/22940.

United States District Court
E. D. South Carolina,
Florence Division.

Dec. 13, 1962.

Terrell L. Glenn, U. S. Dist. Atty. for the Eastern Dist. of South Carolina, Columbia, S. C., for United States.

J. E. Dudley, Bennettsville, S. C., appointed by the Court, for defendant.

WYCHE, District Judge (sitting by designation).

The above named defendant-petitioner filed with this Court a "Motion in Pursuant with Title 28 United States Code Section 2255", dated October 18, 1962.

The defendant was indicted for the crime of kidnapping in violation of 18 U.S.C.A. § 1201(a), in the Eastern District of South Carolina-Florence Division. Upon request of defendant, I appointed counsel to represent him. The defendant entered a plea of "not guilty" to the charge contained in the indictment.

During the trial of the case the United States Attorney and counsel for the defendant appeared before me at which time counsel for the defendant advised me that the defendant desired to enter a plea of "guilty" to a violation of "the lesser included offense in the Mann Act" (18 U.S.C.A. § 2422). I advised defendant's counsel that there was not a lesser offense included in Section 1201(a), Title 18 U.S.C.A., the statute under which the defendant was indicted. I advised defendant's counsel that I did not consider this an aggravated violation of the kidnapping statute and that if defendant desired to change his plea of "not guilty" to a plea of "guilty", that I could not say exactly what sentence I would impose, but that I would assure him that I would not sentence the defendant for more than five years.

After the Government had introduced two witnesses in the trial of the case, the defendant voluntarily withdrew his plea of "not guilty" and entered a plea of "guilty" to the charge contained in the indictment.

The defendant contends in his motion that he changed his plea to "guilty" to a "lesser offense" and that "the Court excepted this plea and still passed sentence by the record of kidnapped".

There is no evidence in this case that the defendant's plea was to a lesser offense, but on the contrary the record discloses that the defendant voluntarily withdrew his plea of "not guilty" and entered a plea of "guilty" to the charge contained in the indictment, being at the time represented by able and competent counsel. There is no evidence in this case that any promises were made to the defendant by the prosecution or that any hope was held out to him by the Judge or his court-appointed counsel to induce him to change his plea to "guilty".

I have considered the defendant's motion, the files and records of his case, including a transcript of the record of the proceedings. It conclusively appears that the defendant is entitled to no relief, that his contentions are without merit and that the production of the prisoner for a hearing would serve no worthwhile purpose.

It is, therefore, ORDERED, That the motion of the defendant be and the same is hereby denied.